By the Court,

Savage, Ch. J.
The section of the statute upon which this action is brought is as follows : “ Any tenant or lessee who shall remove his goods from any demised premises, either before or after any rent shall become due, for the purpose of avoiding the payment of such rent, and every person who shall knowingly assist such tenant or lessee in such removal, or in concealing any goods so removed, shall forfeit to the landlord of the demised premises, his heirs or assigns, double the value of the goods so removed or concealed.” 2 R. S. 503, § 17. Under the same provision in the laws of 1813, 1 R. L. 437, 8, § 14, it has been decided that a third *person does not incur the penalty by merely advising the removal of the tenant’s goods. There must be some physical aid either by himself or his servants. 5 Cowen, 210. In this case there is no evidence that the defendant removed the wagon in question from the demised premises ; the evidence is that he took it from the door of another person. The evidence of concealment by the defendant is this : when inquired of by the constable who had the distress warrant, he stated that the wagon was not Sherwood’s, but that it belonged to Preston; this was untrue ; the wagon was Sherwood’s, and the defendant knew before he took it that the constable had a distress warrant which it was his duty to serve upon the property of Sherwood. This was not physical concealment; the constable saw the wagon and marked it. Still the effect was the same ; the constable was deterred by the falsehood of the de fendant from taking the wagon, and the plaintiff lost as much of his rent as the wagon was worth. I think the defendant cannot exonerate himself by such a quibble. But there was other evidence, the effect of which might be to show that the defendant’s object was not to aid the tenant in defrauding the landlord, but that he might not be interrupted himself in his journey. He had endeavored to procure another wagon, and had engaged Sherwood’s before he knew of the distress warrant. These facts raised considerations proper for the jury to pass upon, and they, by their verdict, have negatived the intent to avoid the payment of the rent. As the action is penal and the verdict is for the defendant, the court should not grant a new trial unless the verdict was clearly against the evidence.
New trial denied.